An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICIA MARIE MCDERMOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64088

FILED

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Patricia Marie McDermott's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

McDermott contends that the district court erred by denying her petition because counsel was ineffective and her guilty plea was not knowingly and voluntarily entered. Specifically, McDermott alleges that counsel pressured her into accepting the plea without fully explaining the terms of the guilty plea agreement. To establish ineffective assistance of counsel in the context of a guilty plea, a petitioner must "demonstrate a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Molina v. State*, 120 Nev. 185, 190-91, 87 P.3d 533, 537 (2004) (internal quotation marks omitted). Moreover, a guilty plea is presumptively valid, and "[t]his court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007).

The district court conducted an evidentiary hearing, wherein McDermott and her prior counsel testified. After considering the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11460

testimony provided at the evidentiary hearing, the guilty plea agreement, and the guilty plea canvass, the district court concluded that McDermott "was fully advised of the consequences of her plea and voluntarily agreed to accept the negotiation." The record supports these determinations. *See Molina*, 120 Nev. at 191, 87 P.3d at 537-38 ("'A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently.'" (quoting *Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1125 (2001)). We conclude that McDermott fails to demonstrate the district court abused its discretion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Abbi Silver, District Judge
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk